QUESTION: Who bears the medical expenses — the county or the Division of Corrections — if a county takes custody of a state prisoner pursuant to a court order and transports said prisoner from a correctional institution for the purpose of bringing him to trial (either for a crime committed while a state prisoner or an additional crime committed prior to becoming a state prisoner), and the prisoner requires medical attention, including hospitalization, while in the custody of the county?
SUMMARY: When a state prisoner incarcerated in a state correctional institution is, pursuant to court order, taken into county custody and incarcerated in a county detention facility to stand trial for violation of a state law, the sheriff has the duty to provide medical care to the prisoner during the time he is in custody of the county. In two recent opinions — AGO 075-35 and AGO 075-47 — I examined a number of issues involving the duty of the officer in charge of a county or municipal detention facility to provide medical care to sick or injured prisoners. This duty, which arises from the requirements of s. 951.23, F.S., as implemented by Rule 10B-8.08, F.A.C., of the Department of Health and Rehabilitative Services, was also examined in detail in AGO 072-346. In all of these opinions, it was emphasized that the controlling fact, as to the responsibility for providing medical care to a prisoner charged with violating a state law, is the responsibility for detaining the prisoner in custody, rather than the identity of the agency or officer initially arresting the prisoner, or previously having had authority over the prisoner. For example, I stated in AGO 075-47 that . . . it can be concluded that persons charged with violating a state criminal statute rather than a municipal ordinance or law, who are arrested by a municipal officer, taken directly to a hospital for medical care, and then taken to the county detention facility, are in fact "county prisoners" from the time they are first taken into custody. . . . Where municipal officers are enforcing state law, they are acting on behalf of the state and holding the prisoners in their capacities as officers for the county; thus their prisoners are constructively county prisoners; and the sheriff is responsible for any medical expenses incurred in their treatment and care. And, in AGO 072-346, I expressed the following opinion: Insofar as the responsibility for the cost of providing medical and surgical services to prisoners is concerned, the fact that the prisoner was arrested by a state highway patrolman or by a municipal officer for violation of a state criminal statute and turned over to the Sheriff for detention would seem to be irrelevant. . . . When the sheriff accepts custody of the person so arrested, he becomes a prisoner of the county. . . . And the sheriff then becomes responsible for his safekeeping to the same extent as any other prisoner. (Emphasis supplied.) I am of the opinion that the situation you have described — wherein the prisoner, pursuant to court order, is transported by the county from a state correctional institution to the county detention facility and then incarcerated in the county detention facility — is equally subject to the above-quoted holding from AGO 072-346. Thus, the prisoner, upon being taken into county custody for the purpose of standing trial for violation of a state law, becomes, for the purpose of establishing responsibility for providing medical care, a prisoner of the county. And, so long as the prisoner is in county custody, "the sheriff then becomes responsible for his safekeeping to the same extent as any other prisoner."